**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT VAN ZANDT, | No. 12-15479 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-04098-SI |
| v. | |
| RUSSELL STANALAND, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Robert Van Zandt appeals pro se from the district court's judgment

dismissing his action alleging that defendant Russell Stanaland, an attorney,

violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit

Reporting Act ("FCRA") by recording an abstract of a state court judgment.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Van Zandt's FDCPA claim because Van Zandt failed to allege facts showing that the abstract of judgment was a "debt" under the FDCPA. 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes"); *see also Turner v. Cook*, 362 F.3d 1219, 1226-28 (9th Cir. 2004) (a tort judgment was not a debt within the meaning of the FDCPA, and the FDCPA did not apply, because the judgment did not arise from a consumer transaction).

The district court properly dismissed Van Zandt's FCRA claim because Van Zandt failed to allege facts showing that Stanaland furnished inaccurate information to a credit reporting agency. *See* 15 U.S.C. § 1681s-2(a) (prohibiting a person from knowingly furnishing inaccurate information relating to a consumer to a credit reporting agency).

The district court did not abuse its discretion in dismissing without leave to amend because the deficiencies in Van Zandt's complaint could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)

(setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

The district court did not abuse its discretion in denying Van Zandt's motion for relief from judgment because the intervening order in the underlying state court action has no bearing on the merits of Van Zandt's claims. *See Sch. Dist. No. 1J, Multnomah Cnty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief from judgment under Fed. R. Civ. P. 60(b)).

**AFFIRMED.**